JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX F

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

ALYCIA LANE

## DEFENDANTS

CBS BROADCASTING INC. t/a KYW TV-3

**(b)** County of Residence of First Listed Plaintiff     PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) PAUL ROSEN, ESQ. / ANDREW DEFALCO, ESQ.
SPECTOR GADON & ROSEN, P.C., 1635 Market Street, 7th Floor, Philadelphia, PA 19103, 215.241.8888

Attorneys (If Known) JOHN M. ELLIOTT,  ESQ & MARK J. SCHWEMLER, ESQ.
ELLIOTT GREENLEAF, 925 Harvest Drive, Suite 300, Blue Bell, PA 19422
- 215.977.1000

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1446; 28 U.S.C. 1332; 28 U.S.C. 1331
Brief description of cause:
BREACH OF CONTRACT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE                                    DOCKET NUMBER

DATE   2/19/08

SIGNATURE OF ATTORNEY OF RECORD     John M. Elliott

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

JS 44 Reverse  (Rev. 11/04)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ALYCIA LANE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CBS BROADCASTING INC. t/a | : | NO. |
| KYW TV-3 | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 2/19/08 | JOHN M. ELLIOTT | DEFENDANT |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |

| 215.977.1004 | 215.977.1099 | jme@elliottgreenleaf.com |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ 227 S. 6th Street #1 SE, Philadelphia, PA 19106 _____

Address of Defendant: _____ 31 West 52nd Street, New York, NY _____

Place of Accident, Incident or Transaction: _____ New York, New York and Philadelphia, PA _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))_____ Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐ No ☒

CIVIL: (Place √ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) ERISA

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, __JOHN M. ELLIOTT_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____2/19/08_____   *[signature]* John M. Elliott   _____04414_____
Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____2/19/08_____   *[signature]* John M. Elliott   _____04414_____
Attorney-at-Law   Attorney I.D.#

CIV. 609 (4/03)

MMY: 90823v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYCIA LANE, | : |
| Plaintiff, | : |
| V. | : No. _____ |
| CBS BROADCASTING INC., t/a KYW TV-3, | : |
| Defendant. | : |

## NOTICE OF REMOVAL

Defendant CBS Broadcasting Inc. ("CBS Broadcasting") hereby removes the above-referenced case to the United States District Court for the Eastern District of Pennsylvania. This case was commenced by Plaintiff Alycia Lane in the Philadelphia Court of Common Pleas by the filing on January 30, 2008 of a highly unusual and extremely detailed "Praecipe to Issue Writ of Summons for the Purpose of Taking Pre-Complaint Depositions Pursuant to Pennsylvania Rule of Civil Procedure 4007.1(c) and Pre-Complaint Request for Production of Documents Pursuant to Rule 4007.1(d)(1)", which is simply not what it purports to be.

Plaintiff's January 30, 2008 state court filing, while ostensibly titled as a Praecipe to Issue a Writ of Summons, is actually a Complaint that is masquerading as a Writ of Summons. This filing contains a "Brief Statement Of the Nature Of The Action" which sets forth a very detailed explanation of the nature of Plaintiff's claims and a factual summary relating to the claims that are asserted. The unusual and detailed attachments to this Writ of Summons outline allegations sounding not just in state law, but also causes of action based on federal claims. Moreover, the filing falsely portrays CBS Broadcasting as a citizen of Pennsylvania. Accordingly, this highly unusual form of a state court filing reveals more than sufficient information on the claims asserted against CBS Broadcasting to now justify removal under this

Court's diversity and federal question jurisdiction. CBS Broadcasting, through its counsel, asserts as follows:

1. Plaintiff, through her counsel Paul R. Rosen, Esq., commenced this action by filing an initial pleading, entitled "Praecipe to Issue Writ of Summons for the Purpose of Taking Pre-Complaint Depositions Pursuant to Pennsylvania Rule of Civil Procedure 4007.1(c) and Pre-Complaint Request for Production of Documents Pursuant to Rule 4007.1(d)(1)," in the Court of Common Pleas of Philadelphia County, Pennsylvania, January Term 2008, No. 003618, on January 30, 2008. *See* Exhibit "A" hereto.

2. According to Plaintiff's lengthy, 24 page state court filing, this action purportedly arises from the termination of Plaintiff's employment with CBS Broadcasting, prompted by, *inter alia*, "an incident in New York, New York, at 9th Avenue and West 17th Street."

3. Plaintiff's filing goes well beyond the minimal or usual requirements of a praecipe for writ of summons as contemplated by Pa.R.Civ.P. 1007. Indeed, Plaintiff's filing sets forth a detailed "factual and legal basis for Plaintiff's Request [for pre-complaint depositions and production of documents], and a brief statement of the nature of the action ..."
*See* Exhibit "A."

4. Plaintiff attaches and incorporates into her filing a Notice of Pre-Complaint Deposition Pursuant to Rule 4007.1(c) and Pre-Complaint Request for Production of Documents Pursuant to Rule 4007.1(d)(1) as well as a number of exhibits, including correspondence and media reports, which are obviously designed to preview for media consumption various claims that Plaintiff intends to assert against CBS Broadcasting and the alleged factual basis for those claims.

5. Detailed in her state court filing, Plaintiff is clearly alleging causes of action against CBS Broadcasting for, at least, breach of her employment agreement, defamation and

violation of federal anti-discrimination laws, including laws addressing gender and race-based discrimination.

6. The contents of Plaintiff's state court filing expressly alleges that CBS has breached Plaintiff's employment agreement in various ways, including by allegedly failing to give Plaintiff written notice of her termination. See Exhibit "A" at pg. 3.

7. Under the guise of this Writ of Summons, Plaintiff is also clearly telegraphing her intention to assert claims against CBS Broadcasting based on federal anti-discrimination law. For example, Plaintiff asserts in her state court filing that the following types of materials, among others, are relevant and discoverable as to the claims she intends to assert:

> 7. All documents and personnel files that evidence, refer to, or indirectly relate to the firing by KYW-TV of any other female Anchor or Reporter based on cause, or based in whole or in part on conduct or misconduct, asserted poor judgment, public disrepute, scandal, ridicule, unfavorable reflection on the station or its sponsors, or injury to the success of the station's programs.
>
> 8. All documents and personnel files that evidence, refer to, or indirectly relate to the firing by KYW-TV of any other Anchor or Reporter of Latina descent, African-American descent, or of the descent of any other minority group, based on cause, or based in whole or in part on conduct or misconduct, asserted poor judgment, public disrepute, scandal, ridicule, unfavorable reflection on the station or its sponsors, or injury to the success of the station's programs.
>
> 9. All documents and personnel files that evidence, refer to, or indirectly relate to conduct or misconduct, asserted poor judgment, public disrepute, scandal, ridicule, unfavorable reflection on the station or its sponsors, or injury to the success of the station's programs, by persons of the male gender while employed by KYW-TV.

*See* Exhibit "A" at pg. 7.

8. Plaintiff's state court filing also suggests her intent to pursue a claim for defamation. She alleges under the guise of her "Writ of Summons", that:

> On January 7, 2008, still without any written notice to the Plaintiff, her

agents, or her attorneys, to identify or explain the legal and factual basis for the Termination, KYW-TV, instead of providing written notice of the firing to the Plaintiff pursuant to the terms of the Employment Contract, made the firing of the Plaintiff by KYW-TV the lead story on its own afternoon newscast, publicly announced the firing of Plaintiff, …

*See* Exhibit "A" at pg. 3. Further, Plaintiff's state court filing goes on to demand production of:

All documents that evidence, refer to, or directly or indirectly relate to communications between KYW-TV on the one hand, and its viewers, sponsors, or the general public on the other, relating to the conduct of Alycia Lane at any time oruir ti [sic] the date hereof.

*See* Exhibit "A" at pg. 8.

9.      Copies of Plaintiff's January 30, 2007 "Praecipe and Writ of Summons" were delivered to an inaccurate station address, namely 101 South Independence Mall, Philadelphia, PA, although the face of the "Praecipe" lists the station address of CBS Broadcasting Inc. t/a KYW-3 as 1555 Hamilton Street, Philadelphia, PA 19103.

10.      The time for removal has not expired because this Notice of Removal is being filed within thirty (30) days, as calculated under applicable law and court rules, of Defendant's receipt of notice that the claim was removable to this Court. 28 U.S.C. §1446(b).

11.      Removal in this District is appropriate because the Plaintiff filed the state court action in this District, the Plaintiff alleges to be located in this District and the events giving rise to Plaintiff's claim allegedly occurred in this District. 28 U.S.C. §1391(b).

**A.      This Court Has Diversity Jurisdiction of This Action**

12.      This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. §1332(a)(1).

13.      Plaintiff's state court filing asserts that Plaintiff is a citizen of Pennsylvania, residing at The Lanesborough, 1601 Locust Street, Philadelphia, Pennsylvania 19103. *See*

Exhibit "A."[1]

14.     Although Plaintiff's state court filing lists CBS Broadcasting as located in Philadelphia, Pennsylvania, it is actually a New York corporation with a principal place of business in New York. This is attested to in Exhibit "B" hereto, the Declaration of Martin P. Messinger, the Vice President and Assistant Secretary of CBS Broadcasting, and a Senior Vice President and Deputy General Counsel of CBS Corporation, the parent company of CBS Broadcasting. See Exhibit "B" at paragraph 3.

15.     As set forth in the attached Declaration of Mr. Messinger, "KYW TV-3", referenced in Plaintiff's state court filing, is not a legal entity capable of being sued. KYW-TV3 (referred to in Plaintiff's filing as 'KYW TV-3) are call letters, and a trade-name utilized by CBS Broadcasting's owned and operated television station serving the Philadelphia region. The address identified in Plaintiff's filing, 1555 Hamilton Street, Philadelphia, PA 19130, is merely the address of that station. See Exhibit "B" at paragraph 11.

16.     As set forth above, the extensive allegations in Plaintiff's state court filing describe a claim for breach of an employment agreement, among other claims. Although the state court filing does not specify the amount in controversy, the compensation contemplated by Plaintiff's employment contract with CBS Broadcasting, alone, means that for any claim for breach of that contract, Plaintiff's claim for damages would be well above the $75,000.00 jurisdictional limit. The Declaration of Mr. Messinger, Exhibit "B" hereto, at paragraphs 12-14, attests to that fact based on his personal knowledge of the terms of Plaintiff's Employment Agreement.[2]

---

[1] Plaintiff subsequently filed a Praecipe to Correct Address of the Plaintiff on February 8, 2008, changing Plaintiff's address to 227 S. 6th Street, #1 SE, Philadelphia, Pennsylvania 19106. However, this change did not alter Plaintiff's Pennsylvania citizenship.

[2] Plaintiff's employment contract contains private and confidential financial information relating

17.     Additionally, the allegations in Plaintiff's state court filing indicate a tort claim for defamation as well as claims based on federal anti-discrimination law, all of which implicate claims for punitive damages and for attorneys' fees and costs.

18.     Wholly apart from the fact that the amount in controversy has been satisfied by virtue of the breach of contract claim, where a plaintiff has not specifically averred in a state court filing that the amount in controversy is less than the jurisdictional minimum, as is the case here, the case will be remanded **only** "if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 196-197 (3d Cir. 2007) (emphasis in original). Given the compensation contemplated by Plaintiff's employment contract with CBS Broadcasting in addition to the damages, punitive damages and attorneys' fees and costs implicated by the other claims Plaintiff has described in her filing, Plaintiff cannot demonstrate to a legal certainty that she cannot recover the jurisdictional amount.

19.     Accordingly, this matter is removable to this Court pursuant to 28 U.S.C. § 1441, because, *inter alia*, the Plaintiff's state court filing and the Declaration attached hereto establish complete diversity of citizenship between Plaintiff and CBS Broadcasting, and because the amount in controversy implicated by Plaintiff's state court filing exceeds the jurisdictional amount for federal court jurisdiction. 28 U.S.C. § 1332.

**B.      This Court Also Has Federal Question Jurisdiction Of this Action**

20.     As set forth above, Plaintiff's state court filing telegraphs her intention to allege causes of action against CBS Broadcasting for employment discrimination.

21.     Some of those claims therefore arise, if at all, under the laws of the United States,

---

to Plaintiff's employment with Defendant. See Exhibit "B" at paragraph 13. For this reason its confidential terms are not being disclosed herein. If necessary, CBS will file a Motion for leave to file under seal Plaintiff's Employment Agreement and the financial and employment related terms therein. In the meantime, CBS is willing, of course, to provide the Agreement to the Court for *in camera* review, upon its request.

*i.e.*, the Civil Rights Act of 1964. As such, the claims are within the original jurisdiction conferred on the district courts of the United States by 28 U.S.C. §1331.

**C. Plaintiff's State Court Filing Is An "Initial Pleading" Subject To Removal To This Court**

22. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading **setting forth the claim for relief upon which such action or proceeding is based** ..." 28 U.S.C. §1446(b) (emphasis added).

23. Although the Court of Appeals for the Third Circuit has indicated that a Pennsylvania Writ of Summons does not generally commence the time period for removal, the Court specifically held that "a writ of summons <u>alone</u> can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. §1446(b)", acknowledging that something more than a writ of summons can trigger the time period for removal. <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 223 (3d Cir. 2005) (emphasis added).

24. The concern addressed by the Third Circuit in <u>Sikirica</u> was that "a defendant who has not received the complaint must decide whether to remove before he knows what the suit is about." *Id.* at 222. Accordingly, the Court of Appeals in <u>Sikirica</u> suggested that it is possible that a filing prior to the complaint could sufficiently indicate "what the suit is about" to trigger the time period for removal. *Id.* at 222-223.

25. In that regard, the Court distinguished the nature of a summons in New York from a summons in Pennsylvania, and noted that removal to a federal court from a New York state summons is proper: "The Second Circuit, noting that New York law requires the summons to state the nature of the action and the relief sought, reasoned that a writ of summons satisfies this purpose." *Id.*

26. Here, Plaintiff's state court filing goes far beyond the usual contents of a praecipe

for writ of summons as contemplated by Pa.R.Civ.P. 1007. While Plaintiff strategically titled her filing as a Praecipe for Issuance of a Writ of Summons, the filing is actually a complaint disguised as a Praecipe for Issuance of a Writ of Summons. The filing sets forth extensive allegations purportedly forming "the nature of the action" and revealing the causes of action Plaintiff is asserting against CBS Broadcasting, and implicates amounts in controversy far in excess of jurisdictional limits.

27. Therefore, as Plaintiff's filing is an "initial pleading setting forth the claim for relief upon which such action or proceeding is based," this matter is ripe for removal.

WHEREFORE, the above-captioned action is removed to this Court from the Philadelphia Court of Common Pleas.

Respectfully submitted,

ELLIOTT GREENLEAF &
SIEDZIKOWSKI, P.C.

JOHN M. ELLIOTT
MARK J. SCHWEMLER
JOHN P. ELLIOTT
STEWART J. GREENLEAF, JR.
Union Meeting Corp. Ctr. V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000
Dated: February 19, 2008          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, John M. Elliott, Esquire, hereby certify that I caused a copy of the forgoing to be served on the following by hand delivery:

> Paul R. Rosen, Esq.
> Spector Gadon & Rosen, P.C.
> Seven Penn Center Plaza
> 1635 Market Street, 7th Floor
> Philadelphia, PA 19103

_John M. Elliott_

Dated: February 19, 2008

# EXHIBIT A

| Court of Common Pleas of Philadelphia County<br>Trial Division<br>**Civil Cover Sheet** | For Prothonotary Use Only (Docket Number)<br>**JANUARY 2008**     *003618* |
|---|---|
| PLAINTIFF'S NAME<br>Alycia Lane | DEFENDANT'S NAME<br>CBS Broadcasting, Inc. t/a KYW TV-3 |
| PLAINTIFF'S ADDRESS<br>The Lanesborough<br>1601 Locust Street<br>Philadelphia, PA 19103 | DEFENDANT'S ADDRESS<br>1555 Hamilton Street<br>Philadelphia, PA 19130 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

*JURY FEE PAID*

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NO. OF DEFENDANTS<br>1 | COMMENCEMENT OF ACTION<br>☐ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☒ Writ of Summons ☐ Transfer from Other Jurisdiction |
|---|---|---|

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D Survival |

| CASE TYPE AND CODE (SEE INSTRUCTIONS)  1C- Contract |
|---|

| STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS) |
|---|

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO<br>☐     ☒<br>☐     ☐<br>☐     ☐ |
|---|---|

**TO THE PROTHONOTARY:**

Kindly enter our appearance on behalf of **Plaintiff**
Papers may be served at the address set forth below.

| NAME OF PLAINTIFFS/PETITIONER'S/APPELLANT'S ATTORNEY:<br>Paul R. Rosen / Andrew J. DeFalco | ADDRESS (SEE INSTRUCTIONS)<br>1635 Market Street<br>7th Floor<br>Philadelphia, PA 19103 |
|---|---|
| PHONE NUMBER<br>[215] 241-8888 | FAX NUMBER<br>[215] 241-8844 | |
| SUPREME COURT IDENTIFICATION NO.:  13396 / 84360 | E-MAIL ADDRESS:<br>prosen@lawsgr.com / adefalco@lawsgr.com |
| SIGNATURE | DATE<br>January 29, 2008 |

01-101 (Rev. 2/00)

424262-1

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

_____ 1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

__X__ 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

         _____ a. Uniform Commercial Code transactions;
         _____ b. Purchases or sales of business or the assets of businesses;
         _____ c. Sales of goods or services by or *to* business enterprises;
         _____ d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;
         _____ e. Surety bonds;
         _____ f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and
         _____ g. Franchisor/franchisee relationships.

_____ 3. Actions relating to trade secret or non-compete agreements;

_____ 4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____ 5. Actions relating to intellectual property disputes;

_____ 6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____ 7. Derivative actions and class actions based on claims otherwise falling within these ten types, and consumer class actions other than personal injury and products liability claims;

_____ 8. Actions relating *to* corporate trust affairs;

_____ 9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

_____ 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying-dispute would otherwise be subject to the Commerce Program, not including claim where the underlying dispute is principally a personal injury claim.

424266-1

C.P. 97

# Commonwealth of Pennsylvania

SUMMONS
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

ALYCIA LANE
1601 Locust Street
Philadelphia, PA 19103

JANUARY 2008 008618 20

No. _____ 003618 _____

*vs.*

CBS BROADCASTING, INC. t/a KYW TV-3
1555 Hamilton Street
Philadelphia, PA 19103



To⁽¹⁾    CBS Broadcasting, Inc. t/a KYW TV-3
1555 Hamilton Street
Philadelphia, PA 19130

You are notified that the Plaintiff⁽²⁾   Alycia Lane
*Usted esta avisado que el demandante⁽²⁾ Alycia Lane*

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _C. Russell_

Date _Jan 30, 2008_

⁽¹⁾ Name(s) of Defendant(s)
⁽²⁾ Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

**SPECTOR GADON & ROSEN, P.C.**
By:    Paul R. Rosen, Esquire                          Attorneys for Plaintiff
Attorney I.D. No. 13396                               Alycia Lane
By:    Andrew J. DeFalco, Esquire
Attorney I.D. No. 84360
Seven Penn Center Plaza
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888

| | |
|---|---|
| ALYCIA LANE<br>1601 Locust Street<br>Philadelphia, PA  19103 | COURT OF COMMON PLEAS |
| v. | PHILADELPHIA COUNTY |
| CBS BROADCASTING, INC., t/a KYW<br>TV-3<br>1555 Hamilton Street<br>Philadelphia, PA  19130 | JANUARY 2008 TERM, 2008  003618<br>NO.<br><br>JURY TRIAL DEMANDED<br>Civil – Commerce Program |

*JURY FEE PAID*

**PRAECIPE TO ISSUE WRIT OF SUMMONS FOR THE PURPOSE OF TAKING PRE-COMPLAINT DEPOSITIONS PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 4007.1 (c) AND PRE-COMPLAINT REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 4007.1 (d) (1)**

(1C-Contract)

TO THE PROTHONOTARY:

Please issue a Writ of Summons to Defendant, CBS Broadcasting, Inc. t/a KYW TV3 in

the above-captioned matter.

The Writ of Summons will issue for the purpose of permitting the Plaintiff to take pre-

complaint depositions pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), and pre-

complaint discovery pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (d).  Attached as

Exhibit "1" herewith is Plaintiff's Notice of Pre-Complaint Deposition pursuant to Pennsylvania

417831-1

Rule of Civil Procedure 4007.1 (c), and the Plaintiff's Pre-Complaint Request for Production of

Documents pursuant to Pennsylvania Rule of Civil Procedure 4007 (d) (1). The factual and legal

basis for Plaintiff's Request, and a brief statement of the nature of the action, is contained

therein.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
Attorneys for Plaintiff, Alycia Lane

Date: 1/29/08

**SPECTOR GADON & ROSEN, P.C.**
By:    Paul R. Rosen, Esquire
Attorney I.D. No. 13396
By:    Andrew J. DeFalco, Esquire
Attorney I.D. No. 84360
Seven Penn Center Plaza
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888

Attorneys for Plaintiff
Alycia Lane

| | |
|---|---|
| ALYCIA LANE　　　　　　　　　　: | COURT OF COMMON PLEAS |
| 　　　　　　　　　　　　　　　　: | PHILADELPHIA COUNTY |
| 　　v.　　　　　　　　　　　　　: | |
| 　　　　　　　　　　　　　　　　: | TERM, 2008 |
| CBS BROADCASTING, INC., t/a KYW　: | NO. |
| TV　　　　　　　　　　　　　　　: | JURY TRIAL DEMANDED |
| 　　　　　　　　　　　　　　　　: | Civil – Commerce Program |

| | |
|---|---|
| TO:　Michael Colleran<br>President/General Manager<br>KYW-TV<br>1555 Hamilton Street<br>Philadelphia, PA 19130 | TO:　Susan Schiller<br>Vice President and News Director<br>KYW-TV<br>1555 Hamilton Street<br>Philadelphia, PA 19130 |

## NOTICE OF PRE-COMPLAINT DEPOSITION PURSUANT TO RULE 4007.1 (c) AND PRE-COMPLAINT REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 4007.1 (d) (1)

Plaintiff, Alycia Lane, by and through her attorneys, Paul R. Rosen, Esquire and

Spector, Gadon & Rosen, P.C., hereby serves the following Notice of Pre-Complaint

Deposition pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), and the

following Pre-Complaint Request for Production of Documents pursuant to Pennsylvania

Rule of Civil Procedure 4007 (d) (1), to Michael Colleran, President and General

Manager of Defendant CBS Brodacasting, Inc. t/a KYW-TV (hereinafter "KYW-TV"),

and to Susan Schiller, Vice President and News Director of KYW-TV.  In support

thereof, Plaintiff states:

## I.  BRIEF STATEMENT OF THE NATURE OF THE ACTION AND MATTERS TO BE INQUIRED INTO PURSUANT TO RULE 4007.1 (c)

Plaintiff Alycia Lane ("Plaintiff") commenced the above-captioned action by Writ of Summons.  Plaintiff now seeks pre-complaint depositions and document discovery to ascertain the specific legal and factual bases relied upon by KYW-TV for the January 1, 2007 termination of her Employment Contract (the "Termination"), for the purpose of determining whether the plaintiff has an immediate right of action, and for the purpose of preparing a Complaint against KYW-TV as a result of the Termination.  This information is both material and necessary to the filing of a Complaint in this action.

Prior to 2008, the Plaintiff was employed by KYW-TV as a News Anchor pursuant to an April 18, 2006 Employment Contract (the "Employment Contract").  The Employment Contract was for a period of five (5) years, and commenced on May 26, 2006.

On December 16, 2007, the Plaintiff was reported to have been involved in an incident in New York, New York, at 9th Avenue and West 17th Street (the "Incident").  Following the Incident, the Plaintiff contacted KYW-TV, and explained that she did not make the comment, did not strike a police officer, and did not otherwise commit any illegal or culpable conduct, as had been reported.  Thereafter, Michael Colleran, the President and General Manager of KYW-TV, and Susan Schiller, the Vice President and News Director of KYW-TV, sent an email to all KYW-TV employees on December 17, 2007, acknowledging this conversation.  (See December 17, 2007 email, attached as Exhibit "A.")  A hearing relating to the Incident is scheduled for early April, 2008.

On January 1, 2008, KYW-TV verbally advised the Plaintiff that she was being fired, and immediately ceased paying Plaintiff's salary.  Plaintiff retained legal counsel

on January 2, 2008. Plaintiff's counsel immediately notified KYW-TV of its representation, and sent a January 3, 2007 letter to KYW-TV to protect the Plaintiff's interests. This letter advised that the firing was premature and in violation of the Employment Contract, and advised KYW-TV that it was obligated to maintain all documents relevant to the Plaintiff and the firing. (See January 3, 2008 letter, attached as Exhibit "B.")

Although the Employment Contract requires written notice of any termination to be provided to the Plaintiff, KYW-TV has never provided written notice of the Termination to the Plaintiff, has never set forth the factual and legal basis for the Termination, and has never responded to the Plaintiff's January 3, 2007 letter. On January 7, 2008, still without any written notice to the Plaintiff, her agents, or her attorneys, to identify or explain the legal and factual basis for the Termination, KYW-TV, instead of providing written notice of the firing to the Plaintiff pursuant to the terms of the Employment Contract, made the firing of the Plaintiff by KYW-TV the lead story on its own afternoon newscast, publicly announced the firing of the Plaintiff, and released the following statement which it read on its afternoon newscast:

> After assessing the overall impact of a series of incidents resulting from judgments she has made, we have concluded that it would be impossible for Alycia to continue to report the news as she, herself, has become the focus of so many news stories. We wish to make clear that we are not prejudging the outcome of the criminal case against Alycia that is pending in New York. We understand that Alycia expects to be fully vindicated in that proceeding. We hope that is the case and we wish her the best in all her future endeavors.

(See January 7, 2008 Statement from KYW-TV, attached as Exhibit "C.") KYW-TV

thus reported the Termination (of its own Anchor) as part of its own nightly newscast.

Plaintiff's counsel then released the following statement:

> We have learned today that KYW-TV (Channel 3) has
> unilaterally terminated Alycia Lane's employment. The
> conduct of KYW-TV is contrary to the terms of her
> Employment Contract which has many additional years
> remaining. The termination comes at a time when there has
> been absolutely no determination that Alycia is guilty of
> any wrongful conduct, and after KYW-TV has aired her
> categorical denial of the alleged charge that is pending
> against her. The termination is unfair because Alycia has
> never had an opportunity to defend against this charge, and
> tell her side of the story publicly, before KYW-TV has
> taken this unusual and unwarranted step to terminate her
> employment. Obviously, on the advice of counsel, Alycia
> cannot talk about these matters because of the matter that is
> pending in New York.

KYW-TV has never identified (1) the specific reasons for the Termination, (2) the

specific conduct that is relied upon to support the Termination, (3) the investigation

performed to support its determination to fire the Plaintiff and to its attempts to cancel

her Employment Contract, and (4) the applicable provision or provisions of the

Employment Contract under which the Employment Contract was terminated. This

discovery is both material and necessary to the filing of the Plaintiff's Complaint, and to

the determination of whether Plaintiff has an immediate right of action which may

require the filing of the Complaint prior to the disposition of the criminal case arising

from the Incident. Accordingly, Plaintiff demands pre-complaint depositions and

document discovery pursuant to pursuant to Pennsylvania Rule of Civil Procedure 4007.1

and Pennsylvania Rule of Civil Procedure 4007 (d) (1), to aid her in identifying the

causes of action that arise from the Termination, and to aid her in drafting and filing her Complaint. The requested pre-complaint discovery is described below.

## II. NOTICE OF DEPOSITION OF MICHAEL COLLERAN

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of Plaintiff Alycia Lane, will take the deposition of **Michael Colleran, President and General Manager of KYW-TV**, in the above-referenced action, on **February 20, 2008, at 10:00 a.m.**, at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed. A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above. The witness is further requested to bring with him to the deposition the documents requested in Section IV of this document, below.

## III. NOTICE OF DEPOSITION OF SUSAN SCHILLER

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of Plaintiff Alycia Lane, will take the deposition of **Susan Schiller, Vice President and News Director of KYW-TV**, in the above-referenced action, on **February 21, 2008, at 10:00 a.m.**, at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed. A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above. The witness is further requested to bring with her to the deposition the documents requested in Section IV of this document, below.

## IV.    REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (d), KYW-TV, Michael Colleran and Susan Schiller are hereby commanded to produce documents and tangible things at the depositions described above, as follows:

**a.    Document Requests**

1.    All documents that evidence, refer to, or directly or indirectly relate to any investigation of the Incident performed by KYW-TV, or under the direction and/or control of KYW-TV.

2.    All documents that evidence, refer to, or directly or indirectly relate to the Incident.

3.    All documents that evidence, refer to, or directly or indirectly relate to the basis for the Termination, including but not limited to, all documents and/or communications relating to the alleged conduct of Alycia Lane that caused KYW-TV to terminate the Employment Contract.

4.    Unless already provided in response to the above requests, all documents that evidence, refer to, or directly or indirectly relate to the Termination.

5.    All communications within KYW-TV, all communications to third parties, and all other documents providing the identity of individuals that were directly or indirectly involved with or participated in any manner in the Termination.

6.    A copy of the entire personnel file for Alycia Lane, and all non-news communications relating to her performance as a News Anchor.

7.    All documents and personnel files that evidence, refer to, or directly or indirectly relate to the firing by KYW-TV of any other female Anchor or Reporter based

on cause, or based in whole or in part on conduct or misconduct, asserted poor judgment, public disrepute, scandal, ridicule, unfavorable reflection on the station or its sponsors, or injury to the success of the station's programs.

8.     All documents and personnel files that evidence, refer to, or directly or indirectly relate to the firing by KYW-TV of any other Anchor or Reporter of Latina descent, African-American descent, or of the descent of any other minority group, based on cause, or based in whole or in part on conduct or misconduct, asserted poor judgment, public disrepute, scandal, ridicule, unfavorable reflection on the station or its sponsors, or injury to the success of the station's programs.

9.     All documents and personnel files except that evidence, refer to, or directly or indirectly relate to conduct or misconduct, asserted poor judgment, public disrepute, scandal, ridicule, unfavorable reflection on the station or its sponsors, or injury to the success of the station's programs, by persons of the male gender while employed by KYW-TV.

10.     All documents that evidence, mention, refer to, or directly or indirectly relate to Dr. Phil McGraw, Rich Eisen, Suzy Shuster, Prince Albert of Monaco, Dino Calandriello (by name or as the Plaintiff's husband or ex-husband); or Jay Adkins (by name or as the Plaintiff's husband or ex-husband).

11.     All documents that evidence, mention, refer to or directly or indirectly relate to the Plaintiff's appearance(s) on the Dr. Phil McGraw show, and any follow-up regarding the Plaintiff's appearance(s) on the Dr. Phil McGraw show, including but not limited to any and all tapes, outtakes, interviews, notes, and other communications

relating to the creation, ideation, taping and follow-up of the interviews between the Plaintiff and Dr. Phil McGraw.

12.    All documents that evidence, refer to, or directly or indirectly relate to communications between KYW-TV on the one hand, and its viewers, sponsors, or the general public on the other, relating to the conduct of Alycia Lane at any time oruir ti the date hereof.

13.    All notes, expense reports and other documents that evidence, refer to, or directly or indirectly relate to any meetings that took place respecting Alycia Lane, the Employment Contract, the Incident or the Termination, from the inception of her relationship with KYW-TV to the present.

## V.    INSTURCTIONS AND DEFINITIONS

The following instructions and definitions shall be applicable to the Request for Production of Documents in Section IV, above.

### a.    Instructions

1.    These document requests shall be deemed continuing and shall require supplemental answers if additional documents are acquired after the date of deposition, as soon as practicable but in any event not later than thirty (30) days from the date of discovery.

2.    With respect to any document the deponent deems privileged, provide a statement setting forth as to each document:

> (a)    the date appearing on the document, or if no date appears, the date on which the document was prepared;
>
> (b)    the name of each person to whom the document was addressed;

(c)      the name of each person to whom the document, or a copy thereof, was sent, or with whom the document was discussed;

(d)      the name of each person who signed the documents, or if not signed, the name of each person who prepared it;

(e)      the name of each person making any contribution to the authorship of the document;

(f)      the employer and job title of each person identified in (b), (c), (d) or (e) above;

(g) the date the document was received or discussed by each of the persons identified in (b) or (c) above;

(h)      the general nature of description of the document, or part claimed to be privileged, and the number of pages of which it consists;

(i)      the name of each person who has custody of the document;

(j)      the specific ground(s) on which the claim of privilege rests.

3.      In producing documents, you are requested to produce the original of each document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.      Documents shall be produced as they are kept in the usual course of business. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during

the conduct of the ordinary course of business, and during the subsequent maintenance of the documents.

5.    All documents shall be produced which respond to any part or clause of any paragraph of a request.  Each document requested shall be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive.  If you have redacted any portion of a document, stamp or write or otherwise affix the word "REDACTED" on each page of the document which you have redacted, and provide a separate statement explaining the basis for each redaction.

b.    **Definitions**

1.    "You" and "your" refer to the persons upon whom this document has been served, including their agents, employees, representatives, attorneys and all other persons acting or purporting to act on their behalf.  "You" and "your" when used in reference to "materials" and "documents" shall include materials and documents in your possession or under your control, and materials and documents whose present and past existence you are aware of, as well as materials and documents prepared by you unless otherwise stated.

2.    "Defendant" means KYW-TV and its affiliates, subsidiaries, parent corporations (including CBS Broadcasting, Inc.), predecessors, successors and related entities, and its present and past officers, directors, agents, servants, employees, attorneys and any other person acting or purporting to act on behalf of any of them.

3.    "Plaintiff" means Alycia Lane and her attorneys and any other person acting or purporting to act on behalf of any them.

4. "Employment Contract" means the the April 18, 2006 Employment Contract between the Plaintiff and KYW-TV.

5. "Termination" means the adverse employment action taken against Alycia Lane on or about January 1, 2007, which included the termination of the Employment Contract, as referenced in the statement attached as Exhibit "C."

6. "Incident" means the alleged December 16, 2007 incident in New York, New York, at 9th Avenue and West 17th Street, involving the Plaintiff, that is the subject of the e-mail attached herewith as Exhibit "A."

7. "Writings" or "Document" are used herein in the broadest sense, and mean all written or printed matter of any kind, including the originals and all non-identical copies, including drafts, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation correspondence, electronic mail messages, memoranda, reports, notes, diaries, statistics, letters, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, financial sheets, schedules, invoices, drafts, projections, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, bulletins, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind including without limitation photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, records, motion pictures, and electronic, mechanical, computer or electric records or representations of any kind, including without limitation, tapes, cassettes and all recordings, computer discs, both hard and floppy, CD's, and CD-ROMs and computer

hard, JAZ and ZIP drives. Two or more copies of a document bearing divergent or different notations, handwritten or typewritten, shall be treated as separate documents for this purpose, as well as all drafts of documents. All attachments or documents referred to by documents responsive to any request shall be produced.

8.    As used herein, the term "Person" or "persons" mean any individual, corporation, partnership, joint venture, firm, association, organization, society, proprietorship, agency, board, authority, commission or other entity.

9.    "Communicate" or "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery or otherwise.

10.    "Meeting" or "meetings" mean any assembly, convocation or contemporaneous presence of two or more persons for any purposes, whether or not planned, arranged, or scheduled in advance, and whether by personal presence, telephone, Internet, electronic mail, or any other means of participation.

11.    The phrase "referring or relating to", or any variant thereof, means in any way, directly or indirectly, showing, disclosing, adverting to, embodying, reflecting, evidencing, constituting, mentioning, or revealing, either in whole or in part.

12.    The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The term "between" means "among" and vice versa. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing of tense.

13. The phrase "and" and "or" shall mean "and/or", "any" shall include "all" and "every" and vice versa.

**SPECTOR GADON & ROSEN, P.C.**

_____
Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
Attorneys for Plaintiff, Alycia Lane

Date: 1/28/08

# YAHOO! MAIL
### Classic

**Search:** [_____] 

| Thinkorswim | Stock Options | 16 Hot Dividend Stocks |
|---|---|---|
| Best for Options Traders. Open an Account & Start Today. | Looking for Stock Options? Find Stock Options Here. | Discover 16 Sizzling Stock Picks Earning Annual Yields Up to 45%Yr. |

**Mail** | Contacts | Calendar | Notepad      Mail For Mobile - Mail Upgrades - **Options**

 Check Mail     Compose        Search Mail    Search the Web

 **Yahoo Tech**
Tech made easy

**Folders**    [Add - Edit]
- Inbox
- Draft
- Sent
- Bulk    [Empty]
- Trash    [Empty]

**My Folders**    [Hide]
- Gregg Willinger
- To Jays
- WRAL
- from Jay
- negative work
- on-line purchases
- **positive work**

**Search Shortcuts**
- My Photos
- My Attachments

 See your credit score - free

 Netflix Try for Free!

Free Printable Grocery Coupons

 How to graduate while you work

Previous | Next | Back to Messages

 Delete     Reply     Forward    Spam    Move...

This message is not flagged. [ Flag Message - Mark as Unread ]      Printable View

**Subject:** FW: Alycia Lane

**Date:** Tue, 1 Jan 2008 23:28:29 -0500

**From:** "Lane, Alycia" <lane@kyw.com>   Add to Address Book   Add Mobile Alert

**To:** newzclues@yahoo.com

Alycia

-----Original Message-----
From: Colleran, Michael
Sent: Mon 12/17/2007 12:51 PM
To: @KYW-TV Everyone; @WPSG-TV Everyone
Subject: Alycia Lane

I know that many of you are concerned about Alycia and reports of yesterday's incident in New York. We have been in touch with her and her attorney. Both emphatically state that when all of the facts are made public, she will be exonerated. Alycia says that she never struck anyone nor made the disparaging remarks that have been attributed to her. She was scheduled to begin two weeks of planned vacation time beginning next Monday. Given the circumstances, she and we agreed that it would be best if she begin her time off today so that she can handle this pressing situation.

Michael ansd Susan

 Delete     Reply     Forward    Spam    Move...

Previous | Next | Back to Messages      Save Message Text | Full Headers

Check Mail    Compose      Search Mail    Search the Web

Copyright © 1994-2008 Yahoo Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, N.J. 08057
[856] 778-8100
FAX: [856] 722-5344

SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Paul R. Rosen*

E-MAIL
prosen@lawsgr.com

DIRECT DIAL NUMBER
[215] 241-8800

January 3, 2008

*Via E-Mail and Hand Delivery*

Michael Colleran
President and General Manager
KYW-TV
101 South Independence Mall
Philadelphia, PA 19006

    *Re:*   *Alycia Lane v. KYW-TV*

Dear Michael:

    This letter will confirm my conversations with you in which I advised you that I and my firm are representing Alycia Lane in connection with the matters giving rise to KYW-TV's termination of her employment relationship.

    Just to reiterate, my final position in our conversation yesterday, I asked that KYW-TV take no action to terminate Alycia Lane at this time. I asked that the parties meet to see whether or not we could mediate a relationship which would allow Alycia Lane to protect her interests, and receive an appropriate compensation to defend herself in New York until there is a final outcome of that matter, at that time, we address the continuing relationship with KYW-TV at that time under her contract. I further explained that Alycia Lane does not feel that she has done anything wrong, that she has never had an opportunity to vindicate herself, and that the station has published that she has categorically denied the conduct alleged against her.

    Accordingly, any action, or attempt on your part to terminate her contract is premature, and Alycia Lane is entitled to continue her relationship under the Employment Agreement without the need to resign or to be punished by the station. There is no provision in the Contract that warrants her termination or permits the station to abandon her, and deprive her of her source of income to clear her name.

    In the event that KYW-TV determines to attempt to terminate her relationship under the terms of the Employment Agreement, please consider this a formal request not to destroy, remove, or otherwise alter any writings, papers, e-mails, or any form of information within the files of KYW-TV, Alycia Lane's personal file, or any other documents directly or indirectly

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

related to Alycia Lane which may be in yours or your affiliate's possession or under your possession and control.

Thank you very much for your attention to this matter, and I remain,

Very truly yours,

PAUL R. ROSEN

/m
cc:    Alycia Lane
       Gregg Willinger

January 3, 2008
Page -3-

bcc:    (By E-mail)
        AlyciaLane@MAC.com
        GreggWillinger (gawtalent@aol.com)
        DavidSmith@dssesq.com



## SGR MESSENGER REQUEST

---

Date: <u>January 3, 2008 (5:03PM)</u>        Client No. 99999-095

Name and Address:

Michael Colleran
President and General Manager
KYW-TV
101 South Independence Mall
Philadelphia, PA  19006

Attys Name:  Paul R. Rosen        Attys No.  020

Services to be performed *(please check appropriate service and write any special instructions below):*

Delivery: [ X ]  Filing: [ ]  Pickup: [ ]

Special Instructions:

Time in Mailroom:_____

Time to be Completed:_____

Completed by: _____

Received by: _____

## Thanks, Marlene



# SGR MESSENGER REQUEST

Date: **January 3, 2008 (5:03PM)**          Client No. 99999-095

Name and Address:

Michael Colleran
President and General Manager
KYW-TV
101 South Independence Mall
Philadelphia, PA  19006

Attys Name:  **Paul R. Rosen**     Attys No.  020

Services to be performed *(please check appropriate service and write any special instructions below):*

Delivery:  [ X ]   Filing:  [   ]   Pickup:  [   ]

Special Instructions:

Time in Mailroom: _____

Time to be Completed: _____

Completed by: *J. Taylor*

Received by: *Chris Vaughn*

# Thanks, Marlene

ADVERTISEMENT

Wireless

Home

Local News

U.S. & World

Weather

Traffic

Sports

Business

Consumer

Health

Entertainment

Food

Pets

Water Cooler

Seen on CBS 3

Special Reports

I-Team Investigations

3 On Your Side

Woman's View

Weekend Mornings

Community Cam

Caught On Tape

Web Pix

Philly Rocks

Services

Classifieds

Careers

Shopping

Dating

Travel

Real Estate

Yellow Pages

Coupons

Collections

Blogs

Contests

Links & Numbers

Slideshows

# Top Stories

🕐 Jan 8, 2008 7:16 am US/Eastern          ⚎ Digg | ▊ Facebook |     E-mail |     Print

## CBS 3 Anchor Alycia Lane Released From Contract

PHILADELPHIA (CBS 3) — CBS 3 (KYW-TV) announced Monday that Alycia Lane has been released from her contract effective immediately.

CBS 3 President and General Manager Michael Colleran stated, "After assessing the overall impact of a series of incidents resulting from judgments she has made, we have concluded that it would be impossible for Alycia to continue to report the news as she, herself, has become the focus of so many news stories. We wish to make clear that we are not prejudging the outcome of the criminal case against Alycia that is pending in New York. We understand that Alycia expects to be fully vindicated in that proceeding. We hope that is the case and we wish her the best in all her future endeavors."

Lane has been co-anchor of CBS 3's Eyewitness News at 6 and 11 p.m. since September, 2003.

CBS 3 (KYW-TV) is part of CBS Television Stations, a division of CBS Corporation.

READ: Alycia's Bio

### CBS3.com's Most Popular Pages

Slideshow: 2008 Presidential Hopefuls
Slideshow: CBS 3 Employee New Year's Resolutions
Slideshow: Classic Holiday Tunes From The 80's
Slideshow: 2007 Looking Back At The Weird
Slideshow: 2007 Victoria's Secret Fashion Show
Slideshow: 2007 Celebrity Deaths
Slideshow: Openly Gay Celebrities
Slideshow: '90s TV Stars Then & Now
Slideshow: Useless Body Parts
Slideshow: When Not To Hyphenate Your Name

(© MMVIII, CBS Broadcasting Inc. All Rights Reserved.)

**From Our Partners**

SPONSORED LINKS                          Get listed here

**Refinance at 5.0% Fixed!**
$300,000 mortgage for $799/mo. Get 4 FREE quotes!
www.lendgo.com

**Refinance as Low as 3.9% – Free Quotes**
Receive up to 4 free quotes and select the best rate! No obligations.
www.refinancetrust.com

**Cash Payout for Life Insurance**

## Video



FEATURED STORY
Alycia Lane Released From
Jan. 08, 2008, 6:47 a.m. ET

**Top Videos**



CBS

### Top Stories

Mayor Nutter Hosting Open House At City Hall
Winter Tornado Strikes Arkansas, At Least 1 Dead
CBS 3 Anchor Alycia Lane Released From Contract
Candidates Woo Undecided New Hampshire Voters
White House: Iran-Navy Incident 'Hardly Routine'

### Top News Stories

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ALYCIA LANE,**

**Plaintiff**

**v.**

**CBS BROADCASTING  INC. t/a KYW TV-3,**
**Defendant**

## DECLARATION OF MARTIN P. MESSINGER

I, Martin P. Messinger, hereby declare and state as follows:

1.      I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I am a Vice President and Assistant Secretary of CBS Broadcasting Inc. ("CBS Broadcasting"). I have held this position since June 25, 2001. I am also an Assistant Secretary of CBS Corporation, the ultimate parent corporation of CBS Broadcasting. My office is located at 31 West 52nd Street, New York, New York. I have been employed by CBS Corporation since 1978. My responsibilities include acting as the chief legal officer for the CBS Television Stations division ("CTS") and as the Chief Compliance Officer for CBS Corporation. In this role, I have personal knowledge regarding CBS Broadcasting's structure and the location of the various headquarters and senior executives that work for CBS Broadcasting. I also am familiar with the location of the administration functions that are performed for CBS Broadcasting.

1

3.      CBS Broadcasting is a corporation organized under the laws of the State

of New York.  CBS Broadcasting has its corporate headquarters at 51 West 52nd Street,

New York, New York.  The vast majority of the senior executives of CBS Broadcasting

have their primary office in New York, including its President and Chief Executive

Officer, the Chief Financial Officer, and the Executive Vice President of Human

Resources and Administration.

4.      CBS Broadcasting is comprised of three primary divisions: CBS

Entertainment Division, CBS News, and CBS Sports.

5.      CBS Entertainment is responsible for acquiring or developing and

scheduling entertainment programming.  Most of the activities conducted by this division

are managed from, and occur in, Los Angeles, California.

6.      CBS News operates primarily from New York.  The programming

produced and distributed by CBS News includes *60 Minutes, CBS Evening News with*

*Katie Couric* and *The Early Show*, as well as special reports.  Most of the production and

distribution of programs and services by CBS News occur in New York.

7.      The corporate offices of CBS News are located at 524 West 57th Street,

New York, New York.  The senior executives of CBS News, including the President and

the Chief Financial Officer have their offices in New York.  The administrative functions

of finance, accounting, and human resources for CBS News are performed primarily in

New York. The legal department that performs work for CBS News is located primarily in New York.

8.     CBS Sports produces and broadcasts a variety of premier sporting events. CBS Sports programming includes *The NFL Today*, certain NCAA championships, including the *Final Four*, golf, the U.S. Open Tennis Championships, college football and basketball, and National Football League games and playoffs.

9.     The corporate offices of CBS Sports are also located in New York, New York. The senior executives of CBS Sports, including the President and the Chief Financial Officer have their offices in New York. The administrative functions of finance, accounting, and human resources for CBS Sports are performed primarily in New York. The legal department that performs work for CBS Sports is located primarily in New York.

10.     In addition to the three divisions discussed above, CBS Broadcasting owns and operates, directly, 10 television stations. The stations owned and operated by CBS Broadcasting are located in New York, Los Angeles, San Francisco, Chicago, Detroit, Philadelphia, Pittsburgh, Minneapolis, and two smaller Minnesota markets. One of the television stations owned and operated by CBS Broadcasting is KYW-TV3, in Philadelphia.

11.     There is no legal entity known as KYW-TV3 or as "KYW TV-3". There is no separate legal entity based in Pennsylvania or Philadelphia which owns KYW-TV3, which are call letters and a trade name utilized by CBS Broadcasting's owned and operated television station, located at 1555 Hamilton Street, Philadelphia, PA  19130, serving the Philadelphia region.

12.     I am familiar with the terms of the Employment Agreement with Alycia Lane which is referenced by her in her recent filing in the Philadelphia Court of Common Pleas.

13.     CBS Broadcasting considers financial and other terms of the Employment Agreement with Ms. Lane to be proprietary and confidential.

14.     At the time of Ms. Lane's recent termination from employment, I can state and attest to the fact that the amount of compensation which remained to be paid to Ms. Lane under that Employment Agreement, if it had not been terminated by CBS Broadcasting, would have been well in excess of $75,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18 2008 at New York, New York.

_____
MARTIN P. MESSINGER