IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYCIA LANE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-CV-0777 |
| CBS BROADCASTING INC., | : | |
| t/a KYW TV-3 | : | |

**SURRICK, J.**                                                      **APRIL 2, 2008**

## <u>MEMORANDUM & ORDER</u>

Presently before the Court is Plaintiff's Motion to Remand (Doc. No. 7).  For the following reasons, Plaintiff's Motion will be granted in part and denied in part.

## I.    BACKGROUND

This lawsuit arises out of the January 1, 2008 termination of Alycia Lane ("Plaintiff") as a KYW TV News Anchor.  On January 30, 2008, Plaintiff filed a "Praecipe to Issue Writ of Summons for the Purpose of Taking Pre-Complaint Depositions Pursuant to Pennsylvania Rule of Civil Procedure 4007.1(c) and Pre-Complaint Request for Production of Documents Pursuant to Rule 4007.1(d)(1)" (Doc. No. 8, Ex. A) in the Court of Common Pleas of Philadelphia County.  Attached to this filing as Exhibit 1 is a "Notice of Pre-Complaint Deposition Pursuant to Rule 4007.1(c) and Pre-Complaint Request for Production of Documents Pursuant to Rule 4007.1(d)(1)."  Plaintiff noticed the depositions of Michael Colleran, President and General Manager of KYW-TV, and Susan Schiller, Vice President and News Director of KYW-TV.  The notice of deposition and request for production of documents provided a brief factual and legal background of this case.  The notice stated that after an incident in New York, Plaintiff was verbally advised that she was being fired, but that she never received written notice as required

by her employment contract.  The notice also stated that the following information is both

material and necessary to the filing of a complaint:

> (1) the specific reasons for the Termination, (2) the specific conduct that is relied upon to support the Termination, (3) the investigation performed to support its determination to fire the Plaintiff and to its attempts to cancel her Employment Contract, and (4) the applicable provision or provisions of the Employment contract under which the Employment Contract was terminated.

(Doc. No. 8, Ex. A.)  Attached to the notice is a print-out of an email sent by Colleran and

Schiller to KYW staff on December 12, 2007, the day after the New York incident.  Plaintiff also

attached a copy of a letter dated January 3, 2008 from her attorney to Colleran requesting that the

parties meet and discuss the matter, suggesting that any termination of her employment was

premature and in violation of her employment contract, and advising that Defendant not destroy

any papers relating to the case.  In addition, Plaintiff attached a print-out from the CBS website,

wherein Colleran announced Plaintiff's termination.

On January 30, 2008, the Prothonotary issued the writ of summons and Plaintiff served

the writ and notice of pre-complaint discovery on Defendant that same day.[1]  (Doc. No. 7 at 9;

Doc No. 8, Exhibit A.)  On February 19, 2008, Defendant filed a Notice of Removal to this

Court.  (Doc. No. 1.)  The Notice alleged that this Court has jurisdiction based upon both

diversity and the presence of a federal question.  (*Id*. at 2.)  Defendant further alleges that

Plaintiff's state court filing is a complaint "masquerading" as a writ of summons.  (*Id*. at 1.)  On

February 19, 2008, Defendant also filed a Motion to Dismiss or, in the Alternative, for Transfer

Under 28 U.S.C. § 1404(a).  (Doc. No. 2.)

---

[1] Defendant states that "[c]opies of Plaintiff's January 30, 200[8] 'Praecipe and Writ of Summons' were delivered to an inaccurate station address . . . ." (Doc. No. 1 at 4, ¶ 9.) Defendant does not argue that service of process was defective.

Plaintiff filed the instant Motion on February 26, 2008.  (Doc. No. 7.)  Defendant filed a response in opposition on March 11, 2008.  (Doc. No. 8.)  Plaintiff filed a reply memorandum the next day.  (Doc. No. 9.)

## II.    DISCUSSION

### A.    Motion for Remand

#### 1.    The "Initial Pleading" Trigger of 28 U.S.C. § 1446(b)

In Pennsylvania, a party may commence an action in one of two ways: (1) by filing a praecipe for writ of summons or (2) by filing a complaint.  Pa. R. Civ. P. 1007 (2007). Pennsylvania Rule of Civil Procedure 1351 requires merely that a writ of summons state the county in which the action is brought, name the defendant, notify the defendant that the named plaintiff has commenced an action against him or her, and state the date.  Pa. R. Civ. P. 1351 (2007).  If an action begins by way of a writ of summons, rather than a complaint, "[a] plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party."  Pa. R. Civ. P. 4003.8(a) (2007).

State-court actions that originally could have been filed in federal court may be removed to federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441).[2]  Jurisdiction in a federal district court may be based upon either: (1) a federal question

_____

[2] Section 1441(a) provides:

Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

under 28 U.S.C. § 1331 or (2) diversity under 28 U.S.C. § 1332.  Federal question jurisdiction

exists where it appears from the complaint that the plaintiff's claim arises under the Constitution,

laws or treaties of the United States.  28 U.S.C. § 1331 (2006).  The diversity jurisdiction

provision states: "The district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between -- (1) citizens of different States . . . ."  28 U.S.C. § 1332(a) (2006).

Section 1446 details the procedure for removal.  28 U.S.C. § 1446 (2006).  Under 28

U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

In her Motion to Remand, Plaintiff contends that removal of Plaintiff's action was

premature.  (Doc. No. 7.)  Plaintiff argues that because she filed only a praecipe for writ of

summons in the state court, she has not filed an "initial pleading" for the purpose of 28 U.S.C. §

of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (2006).

4

1446(b), and that therefore the case should be remanded.  (*Id*.)

Defendant responds that Plaintiff's state court filing was not in fact a praecipe for writ of summons.  (Doc. No. 8 at 1-2.)  Defendant argues that Plaintiff "mis-labeled" her filing as a praecipe, but that "[w]hat Plaintiff really filed was a novel, unverified, *twenty-eight (28) page* initial pleading, the contents of which included a statement of the nature of her claims, a recitation of the detailed facts underlying her claims, examples of allegedly defamatory communications, and other exhibits." (*Id*. at 2.)  Defendant also argues that in the Third Circuit a complaint is not necessary to trigger removal and that Plaintiff's filing constitutes an "initial pleading" for the purposes of removal.  (*Id*.)  In the alternative, Defendant argues that the documents attached to Plaintiff's writ of summons constitute "other paper" under 28 U.S.C. § 1446(b), giving Defendant the right to remove.  (*Id*.)

Prior to the 1999 decision of the Supreme Court in *Murphy Bros*., *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), and the Third Circuit's 2005 interpretation of *Murphy Bros*. in *Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214 (3d Cir. 2005), our analysis of the timeliness of removal following a party's filing of an "initial pleading" in state court was governed by *Foster v. The Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48 (3d Cir. 1993). In *Foster*, the Third Circuit rejected two "opposite" lines of cases dealing with this issue: (1) the "subjective inquiry" cases that focused on when a defendant learns – based upon court filings, attorney correspondence, or other documents – that a case is removable, and (2) the cases that interpreted Section 1446(b)'s "initial pleading" requirement as imposing a bright-line rule that a praecipe and writ of summons can never constitute an initial pleading.  *Id*. at 51-52.  *Foster* held that "§ 1446(b) requires defendants to file their Notices of Removal within thirty days after

5

receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction . . . ."  *Id.* at 54.

In *Murphy Bros.*, the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros.*, 526 U.S. at 347-48. The Court found that there were four possible categories for service of the summons and the filing or service of the complaint and the related triggering date for removal:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once.  Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint.  Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing.  Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of summons.

*Id*. at 354 (citing *Potter v. McCauley*, 186 F. Supp. 146, 149 (D. Md. 1960)).  In reaching its conclusion, the Court considered that the intent of Congress when enacting Section 1446(b) was to avoid "plac[ing] the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about."  *Id*. at 352 (quoting S. Rep. No. 303, 81st Cong., 1st Sess., 6 (1949)).

In *Sikirica*, the Third Circuit found that *Murphy Bros*. implicitly overruled *Foster* and its progeny.  *Sikirica*, 416 F.3d at 223.  The plaintiff in *Sikirica* asserted that the defendant's removal to federal court was untimely because it was more than thirty days after service of the writ of summons.  *Id*. at 220.  The plaintiff argued that because the writ of summons informed the defendant of the parties' citizenship, and because the plaintiff had earlier sent a demand letter

for $300,000, the defendant had notice of diversity jurisdiction and should have removed the case within thirty days of service of the writ of summons. *Id*. Instead, the defendant removed the case within thirty days of the filing and service of the complaint. *Id*. at 219. The Third Circuit articulated the question presented as: "[W]hether the 30-day period under 28 U.S.C. § 1446(b) began when [the defendant] received the writ of summons or the complaint." *Id*. at 220. The court held that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Id*. at 223. In reaching this conclusion, the Third Circuit considered the Supreme Court's concern about a defendant's knowledge of the basis for federal jurisdiction at the time of making the decision to remove a case. *Id*. at 222-23. The court recognized that in Pennsylvania there is no requirement in a writ of summons to state the nature of the action or the relief sought. *Id*. (citing Pa. R. Civ. P. 1351). The court also recognized that, in the face of varying state rules governing the filing and service of the writ of summons and complaint, the rule that a writ of summons could not be an initial pleading satisfied the concerns of Congress in providing for uniform operation of Section 1446(b) across the nation. *Id*. at 223.

Defendant points to the fact that the Third Circuit stated specifically that "a writ of summons *alone*" cannot serve as the "initial pleading" under Section 1446(b). (Doc. No. 8 at 10.) Defendant argues that in this case we do not have a writ of summons alone.[3] (*Id*.) Rather, we have a writ of summons plus a notice of discovery that together provide more than sufficient

---

[3] In fact, Defendant argues that Plaintiff did not file "a proper Praecipe at all, but something else entirely" and that Plaintiff's filing is "mis-labeled." (Doc. No. 8 at 1-2.) It cannot be disputed that Plaintiff's twenty-eight page filing went well beyond what was required in seeking a writ of summons and pre-complaint discovery. We are nevertheless satisfied that Plaintiff's filing does not qualify as a complaint.

evidence of the removability of the case.  (*Id*. at 9.)

When one considers the Supreme Court's discussion of the four different possibilities with respect to the triggering date and the timing of filing writs of summons and complaints, it seems clear that the *Sikirica* court's "writ of summons alone" language merely meant that a writ of summons not served simultaneously with a complaint cannot constitute the initial pleading. The *Sikirica* court expressly interpreted *Murphy Bros.* as having held that a complaint, not a writ of summons, is the initial pleading for the purpose of 28 U.S.C. § 1446(b).[4]

Since *Sikirica*, a number of district courts in this circuit have concluded that for purposes of Section 1446(b), the initial pleading is a complaint.  In *The Quigley Corp. v. Wachovia Ins. Servs.*, Civ. A. No. 07-1343, 2007 U.S. Dist. LEXIS 49955 (E.D.Pa. July 6, 2007), the plaintiff filed a praecipe for writ of summons in state court and served the defendant on the same day.  *Id.* at *2.  Several months later, the plaintiff mailed the defendant an unfiled draft complaint and a cover letter asking for mediation and stating that if the defendant did not respond, the plaintiff would file the complaint.  *Id.*  The defendant removed the case on the basis of diversity

---

[4] The *Sikirica* court made the following observations in this regard:

- "[T]he literal wording of *Murphy Bros.* requires the filing or receipt of a *complaint* before the 30-day period begins." *Sikirica*, 416 F.3d at 221.

- "[T]he Supreme Court's use of the term 'complaint' to mean 'initial pleading' in *Murphy Bros.* was not merely an inadvertent accommodation of the facts.  The Court . . . explicitly held that the time to remove is triggered by 'receipt of the complaint, through service or otherwise, *after and apart from service of the summons* . . ." *Id*. at 222 (quoting *Murphy Bros.*, 526 U.S. at 348) (internal quotation marks omitted).

- "Since the 'initial pleading' language is identical, the Supreme Court's interpretation of 'initial pleading' to mean 'complaint' in the first paragraph of Section 1446(b) must also apply to the second paragraph." *Sikirica*, 416 F.3d at 223.

jurisdiction and the plaintiff filed a motion to remand, arguing that removal was premature.  *Id*.
The court ordered the case remanded, holding that an unfiled draft complaint did not constitute
an initial pleading within the meaning of Section 1446(b).  *Id*. at *8.  Following the decisions of
other district courts addressing this issue, the court reasoned that "[a]lthough intended to threaten
litigation (and so encourage mediation), the draft complaint was just that – a draft.  Plaintiff was
free to alter the document or to refrain from filing it altogether."[5]  *Id*. at *8-9.  Such reasoning
applies equally to this case where no complaint was filed at all.

     In *Campbell v. Oxford Electronics, Inc.*, Civ. A. No. 07-0541, 2007 U.S. Dist. LEXIS
48889 (E.D.Pa. July 6, 2007), the court held that a Civil Cover Sheet, accompanying a praecipe
for writ of summons, did not trigger the Section 1446(b) removal period: "The initial pleading
described in § 1446(b) is a complaint, not a summons, praecipe for writ of summons, or some
other document such as a Civil Cover Sheet."  *Id*. at *5 (citing, *inter alia*, *Murphy Bros*., 526
U.S. at 354; *Sikirica*, 416 F.3d at 222); *see also Campbell*, 2007 U.S. Dist. LEXIS 48889, at *7.
From the praecipe and the Civil Cover Sheet, defendants learned that there was diversity of
citizenship, that the amount in controversy was more than $150,000, and that the action was a
"product liability" and "other personal injury" action.  *Id*. at *2 n.2.  The court noted, however,
that the Civil Cover Sheet did not provide details about the claims, appeared to have an
administrative purpose, was not mentioned in the Pennsylvania Rules of Civil Procedure, cannot
be used to commence an action under Pennsylvania law, and is not a pleading under
Pennsylvania law.  *Id*. at *6 n.5.  The court remanded the action, finding that "removal is not

---

     [5] The *Quigley* court also reasoned that the draft complaint could not be a pleading
because it was not filed in court, which is generally required of pleadings.  2007 U.S. Dis.
LEXIS 49955, at *9.

proper until a complaint has been served on the defendants."  *Id*. at *7.

In *Polanco v. Coneqtec Universal, et al.*, 474 F. Supp. 2d 735, 737 (E.D.Pa. 2007), the court held that "[t]he initial pleading described in § 1446(b) is the complaint, not the summons, praecipe for writ of summons, or some other document like a Civil Cover Sheet."  The plaintiff in this case filed a praceipe for a writ of summons to commence the action and filed a complaint almost two months later.  *Id*. at 735.  The defendants removed the case within thirty days of the filing of the complaint and the plaintiff moved to remand on the grounds that the defendants should have removed within thirty days of service of the writ of summons.  *Id*. at 736.  The court noted that the writ of summons only contained the names and addresses of the parties, but nothing about the allegations, the nature of the claims, or the amount of damages.  *Id*.  The Civil Cover Sheet stated that the amount in controversy was more than $150,000.  *Id*.  The court denied the motion to remand, finding that "[w]here, as here, defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint."  *Id*. at 737 (citing to *Murphy Bros*., 526 U.S. 354).  *See also Wisinski v. Am. Commerce Group, Inc.*, Civ. A. No. 07-346, 2008 U.S. Dist. LEXIS, at *1-2 (W.D.Pa. Feb. 5, 2008) (finding that defendant's removal within thirty days of plaintiff's filing of complaint was timely because a writ of summons, motion to compel arbitration, and motion for reconsideration filed in the state court did not satisfy the "initial pleading" trigger of Section 1446(b)); *Laney v. Independence Blue Cross*, Civ. A. No. 06-4175, 2007 U.S. Dist. LEXIS 68407, at *6-7 (E.D.Pa. Sept. 14, 2007) ("Under § 1446(b) . . . service of the state-court complaint on a defendant triggers a thirty-day deadline for filing of a notice of removal."); *Gardner v. State Farm Fire and Casualty Co.*, Civ. A. No. 07-1016, 2007 U.S. Dist.

LEXIS 53540, at *1 (W.D.Pa. July 24, 2007) (finding that defendant's removal was premature because a writ of summons is not an initial pleading under 28 U.S.C. § 1446(b)); *Hicks v. Monaco Coach Corp.*, Civ. A. No. 06-3949, 2006 U.S. Dist. LEXIS 92349, at *3 (D.N.J. Dec. 21, 2006) ("'[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons . . .'") (quoting *Murphy Bros.*, 526 U.S. at 348-49) (internal quotation marks omitted); *Mulrine v. Air Contact Transport, Inc.*, Civ. A. No. 06-3903, 2006 U.S. Dist. LEXIS 64652, at *2-3 (E.D.Pa. Sept. 11, 2006) (finding that defendant's removal was premature where plaintiff initiated the case by writ of summons, even though defendant received correspondence from plaintiff regarding the nature of the claim)

Defendant states that it is clear from reviewing Plaintiff's praecipe for writ of summons and discovery notice that there is, or will be, diversity jurisdiction in this case. Plaintiff is a Pennsylvania resident suing a New York corporation. (Doc. No. 1 at 4-5, ¶¶ 13-14; *id.*, Exhibits A (Plaintiff's state court filing), B (Declaration of M. Messinger).) Moreover, "[a]lthough the state court filing does not specify the amount in controversy, the compensation contemplated by Plaintiff's employment contract with CBS Broadcasting, alone, means that for any claim for breach of that contract, Plaintiff's claim for damages would be well above the $75,000.00 jurisdictional limit." (Doc. No. 1 at 5, ¶ 16; *see also id.*, Exhibit B (Declaration of M. Messinger).) Defendant also asserts that the Court will have federal question jurisdiction based upon Plaintiff's intention to charge violations of federal employment discrimination laws. (*Id.* at 6-7, ¶¶ 20-21.)

While Defendant may very well be correct with regard to the particular claims that

Plaintiff will bring, at this point Defendant is only speculating based upon what Plaintiff has "telegraph[ed]" and "suggest[ed]" through her state court filing.[6]  (Doc. No. 1 at 3.)  Moreover, Defendant is speculating with regard to the relief sought.  The Civil Cover Sheet states only that this is a contract case with an amount in controversy exceeding $50,000.  (Doc. No. 8, Ex. A.) Finally, the notice of discovery, which forms the basis for Defendant's speculation, is not a pleading under Pennsylvania law, Pa. R. Civ. P. 1017, it is not required to be filed in court, Pa. R. Civ. P. 4007.1(c), 4003.8, and it cannot commence an action in state court, Pa. R. Civ. P. 1007. Based upon *Murphy Bros*. and *Sikirica*, we are compelled to conclude that Plaintiff's writ of summons and notice of discovery are not together an "initial pleading" triggering the 30-day period for removal.

### 2.      The Second Paragraph of 28 U.S.C. § 1446(b)

In the alternative, Defendant argues that the writ of summons should be considered the "initial pleading" and the notice of discovery should be considered the "other paper" that establishes federal jurisdiction.  (Doc. No. 8 at 2.)

The second paragraph of Section 1446(b) provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. § 1446(b).  As discussed above, a writ of summons does not constitute an initial

---

[6] Defendant states that "Plaintiff is also clearly telegraphing her intention to assert claims against CBS Broadcasting based on federal anti-discrimination law" (Doc. No. 1 at 3) and that "Plaintiff's state court filing also suggests her intent to pursue a claim for defamation . . . ." (Doc. No. 1 at 3).

pleading under Section 1446(b).  *Sikirica*, 416 F.3d at 222.  The second paragraph of Section

1446(b) "applies only if the initial pleading does not set forth the grounds for removal."  *Id*. at

220.  If there has been no initial pleading, the second paragraph cannot apply.  *See id*. at 221

(finding that a writ of summons cannot be the initial pleading and that "[t]he 'other paper'

language of the second paragraph would apply only if the writ of summons could be considered

the 'initial pleading").

        There has been no initial pleading here.  The writ of summons filed by Plaintiff is not an

"initial pleading" under *Sikirica*.  Clearly, Plaintiff's notice of discovery cannot constitute the

"other paper" that establishes removability.

        **B.      Motion for Fees and Costs**

        Plaintiff argues that the Court should award costs and fees because Defendant "did not

have, and could not have had, any objectively reasonable basis for the removal of the Plaintiff's

state court action."  (Doc. No. 7 at 20 (citing *Martin v. Franklin Capital Corp., et al.*, 546 U.S.

132, 141 (2005)).)

        Under 28 U.S.C. § 1447(c), the district courts have authority to award plaintiff attorney's

fees and costs incurred as a result of removal.  28 U.S.C. § 1447(c) (2006) ("An order remanding

the case may require payment of just costs and any actual expenses, including attorney fees,

incurred as a result of the removal.").  Whether to award such fees and costs is in the discretion

of the court.  *See Landman v. Borough of Bristol*, 896 F. Supp. 406, 409-10 (E.D.Pa. 1995);

*Campbell*, 2007 U.S. Dist. LEXIS 48889, at *11.  "Awarding attorney's fees and costs is usually

limited to situations where nonremovability is obvious or where a defendant did not act in good

faith." *Campbell*, 2007 U.S. Dist. LEXIS 48889, at *11 (citing *Scheidell v. State Farm Fire &*

13

*Cas. Co.*, Civ. A. No. 91-2695, 1991 U.S. Dist. LEXIS 6922, at *3 (E.D.Pa. May 14, 1991)).

While it is now clear that a writ of summons does not constitute an initial pleading in this circuit, Plaintiff's filing of the twenty-eight page factually detailed notice of discovery along with the praecipe for writ of summons certainly invited an analysis of the *Sikirica* court's "writ of summons *alone*" language.  This language formed the basis of Defendant's position that the writ of summons plus the accompanying discovery request constituted an "initial pleading" under Section 1446(b).  As Defendant pointed out, based upon what Plaintiff filed we can be reasonably certain that there will be diversity jurisdiction in this case.  Under the circumstances, we cannot conclude that Defendant acted in bad faith.  The issue of removability was created by Plaintiff herself.  Accordingly, there will be no award of fees and costs.

## IV.   CONCLUSION

For the reasons stated above, we are compelled to remand this matter to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYCIA LANE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-CV-0777 |
| CBS BROADCASTING INC. | : | |
| t/a KYW TV-3 | : | |

## **ORDER**

AND NOW this 2nd day of April, 2008, upon consideration of Plaintiff's Motion to

Remand (Doc. No. 7), and all documents submitted in support thereof and in opposition thereto,

it is ORDERED as follows:

1.    The Motion to Remand is GRANTED and this case is remanded to the Court of

Common Pleas of Philadelphia.

2.    The Motion for Fees and Costs is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge